*Original*



FILED

APR 29 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Kevin D. Lewis Jr
(Name of Plaintiff)

P.O.Box 4490 / B5 245
(Address of Plaintiff)

Lancaster, CA 93539

(PR)

**CV 15 1935**
(Case Number)

vs.

Sacramento County

District Attorney

Office
(Names of Defendants)

COMPLAINT

KAW

## I. Previous Lawsuits:

A. Have you brought any other lawsuits while a prisoner:  ☐ Yes  ☒ No

B. If your answer to A is yes, how many?: _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

_____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983          Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

6. Approximate date of filing lawsuit  _____

7. Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

    A. Is there a grievance procedure available at your institution?  ☒ Yes    ☐ No

    B. Have you filed a grievance concerning the facts relating to this complaint?

                                                     ☒ Yes    ☐ No

        If your answer is no, explain why not _____

_____

    C. Is the grievance process completed?    ☐ Yes .    ☒ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _Jan Scully_ is employed as _District Attorney_ at _Sacramento County_

B. Additional defendants _Jon Aspel - DA_
_John A Mendez - Federal judge_
_Kandall J Neman - Magistrate_
_Det. McBeth - Childs_

_____

_____

_____

2

IV.    Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

_See supplemental Brief_

V.  Relief.

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

_Release from custody_

_Damages awarded_

_See supplemental Brief_

Signed this ___ day of ___April___, 20_15_.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_4-21-15_
(Date)

_____
(Signature of Plaintiff)

3

# Table Of Contents

Pages

- Human Rights violations          I - II
  Specific Damage Requests         III
  Additional Request               IV
  Proof Of Damages                 V - VI
  Affidavit                        VII

- Summary Of Facts                 1 - 10

- Evidentiary Hearing Request      1 of 1

- Motion To Release                1 - 14

- Constitutional Violations / Arguments   1 - 36
  in Support

- Supporting Exhibits      'q', 'ze', 'A', 'A82', 'B', 'X', 'F', 'L'

## Summary of Case

Petitioner is alleging that his civil rights, human rights, and constitutional rights have been purposely violated.

The supporting documents are submitted to validate the allegations of the Sacramento County District Attorney Office ordering their main witnesses impeachment statements destroyed. The petitioner was held for trial against his will in violation of his speedy trial right. The trial judge violated his constitutional clause rights and Magistrate Kendall J. Newman and Federal judge John A. Mendez have lied on record in an attempt to cover up the illegal and criminal conduct of the Sacramento County District Attorney Office.

The detectives in this case committed witness tampering and have illegally given the alleged victim gifts and terminated her probation in exchange for her testimony.

Kevin Lewis C2-00105

Prison Cell

Lancaster

Kevin D Lewis Sr
Petitioner

V.

Sacramento County

District Attorney Office
Respondant!

Case #: _____

Human Rights Violation

Specific Damage Request's

Additional Request

Proof of Damages

Affidavit

# Human Rights Violations

A.)

• Human Rights Article 11 (1)~ Everyone charged with a penal offense has the right to be presumed innocent until proved guilty.

The Sacramento County District Attorney Office told their Nurse practitioners to assume the petitioner had committed the crime when collecting evidence from the victim in this case. Then they told them to destroy the alleged victims impeachment statements.

B.)

• Human Rights Article 10~ Everyone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of his rights & any criminal charge against him.

Trial was not fair due to the criminal acts committed by the Sacramento County District Attorney Office and the multiple constitutional violations committed by the trial judge and others. Magistrate Kendall J. Newman and Federal Judge John A. Newman willfully chose not to be impartial and lie on record in an attempt to cover up the illegal activity.

I

C.)

Human Rights Article 5~ No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment. The petitioner was convicted illegally and is enduring inhuman, and cruel punishment in the form of imprisonment and denial of visitation from his children. It is torture to be locked in a concrete box in a violent environment where you can die at any time. It is degrading treatment to be forced to strip naked, searched and made to bend over naked and cough.

II

Specific Damages Requested

1.) Petitioner is requesting 12 million dollars payable over a course of 3 years. Or;

2.) 1 million dollars for every year of incarceration due to the intentional illegal destruction of impeachment evidence and other constitutional violations making the conviction illegal. And;

3.) Psychological counseling for reintroduction back into society. Family counseling for the children and siblings effected by this unlawful conviction. And;

4.) Immediate release from custody.

III

Additional Request

1) That allegations be made for the petitioner to be brought to all court dates where it is necessary for him to appear and respond to any allegations or answer any questions concerning the civil action.

2) The prison be notified and informed of where and at what time the petitioner needs to be in court.

3) A court notice issued to the prison informing them to comply with the courts notice of getting the petitioner to his court dates.

4) An attorney be appointed this case to represent the plaintiff if he can not afford one.

IV

# Proof Of Damages

Due to the multiple constitutional violation I've been stripped of my basic human rights and forced to endure the pain and suffering from being confined in a concrete box and denied visitation from my children because of an illegal conviction. The government committed criminal and illegal acts to obtain this conviction. It is because of their blatant disregard of law that I'm forced to endure the violent prison system where at any moment I can die. I'm forced to subsize through many degrees nightly cause individuals won't stop screaming due to not being able to handle the environment of prison confinement. I've involuntarily been in prison race riots.

I have 9 brothers and sisters and I am the oldest. My physical presence has been needed cause I am a role model and provider. I'm constantly stressed due to the fact all I can do is provide verbal support to my siblings in need of me.

This illegal confinement has tore my marriage apart. My children are being denied to visit me in prison and I might

1  not ever be able to regain the bond that's
2  been broken due to the government's illegal
3  actions. I can never get that time back
4  and I constantly lose my mind and get
5  into prison fights because I have no
6  answer for my son or daughter when they
7  ask me "why can't I visit you". How do I
8  explain to them the victim in my case
9  said she doesn't know why she would claim
10  I did something to her when she did not
11  remember it happening?? see Exhibit AB2
12      I am being forced to remain in a
13  concrete box and endure the mental frustration,
14  stress, and anguish of my family members
15  dieing. I have to endure prison officials
16  treating me less than the average inmate
17  because they believe I am a rapist. They
18  are not aware of Ms. Tilden being able
19  to prove a rape did not occur if she
20  would not of died before my trial. Or that
21  the government acted like street gangsters
22  in order to ensure I get a life sentence.
23  Every day that I spend in this prison
24  cell is torture, mentally, emotionally, and
25  physically. Let the evidence speak in my
26  defense that I am innocent and my life
27  has been taken away from me unjustifiably.

VI

Law suit
specified damages

~ Affidavit ~

On 10-18-07 I was on trial
and witnessed Prosecutor Tom Asker
call Leslie Schmidt nurse practitioner
to the stand. At the time she was
part of the District Attorney's (S.A.R.T)
Sexual Assault Response Team. She swore
under oath to tell the truth and she
testified that the district attorney's office
asked them to destroy changed answers
from an alleged victim. Those changed
answers from the alleged victim could
be used in a court of law as
impeachment evidence. I witnessed
Leslie Schmidt testify that her office
only destroys the evidence because they
were asked to do so by the district
attorney's office who they work for.
District Attorney Tom Asker did not
object to this revelation and it was
assumed to be true.

Under penalty of perjury the foregoing
facts are true to the best of my
recollection. ~~~ Kevin D Lewis SR
signature.                                    10-10-14

VII

Kevin Lewis Roberts
PO Box 4610
Lancaster CA 93539

Kevin D Lewis JR
_Petitioner_

V.

Sacramento County
District Attorney Office
_Respondent_

Case #:

Summary Of
FACTS

Pages 1~10

## Summary Of Facts

The facts presented are a true account of events proving my life and liberty has been forcefully taken away from me illegally.

The Constitutional Violations and arguments in support are supported by exhibits of court documents.

These facts can not and have not been proven to be invalid or inaccurate in any way shape or form.

Facts 1-7 are a preview to every issue and claim to this action and are a true testimony to my pain and suffering.

<u>FACT #1</u>

- Illegally ordering trial -

Before trial the prosecution and judge knew the case had to be dismissed by law. Case <u>Barker v. Wingo</u>, 407 U.S. 514, 521-22 (1972), See <u>Strunk v. U.S.</u>, 412 U.S. 434, 439-40 (1973) (Barker requires dismissal for violation of Sixth Amendment Speedy trial right, district court may not fashion less extreme remedies such as reduction of sentence.)

I will now demonstrate how the four Barker factors apply to my case.

Factor #1.) Length of delay - The California Court of appeal and Federal court ruled that the delay in my case was presumptively prejudicial and consideration of the other factors was triggered.

Factor #2.) Reason for Delay - I objected to all delays and asked for my right. There are 3 facts that prove not every delay was reasonable.

A.) Fact 1- The judge admits the courts don't have "enough high quality attorneys on the panel with these cases that are coming up for trial". (Augmented Court transcript 200-201) exhibit . This fact is in accordance with the law at <u>Barker v. Wingo</u>, supra, 407 U.S. at 538 ( white, J., conc) " A defendant's right to speedy trial is violated where the state fails to provide enough public defenders or appointed counsel"

B.) Fact 2- There were at least nine continuances over

2.

my objection. Appellate Counsil Laura R. Golden
argues to the court that there is no appellate
court transcript for April 7, 2006 or April 24, 2006
so its impossible to say, that delay is reasonable.
(see Exhibit 2, minute orders) The minute order
shows I went to court but they have lost
the court transcript to know why the delay
occured but still the courts have ruled the
delay was reasonable, and they had a good
reason absent the transcript for that reason.

C.) Fact 3- Nine continuances over my objection
is excessive in violation of Penal Code 1050,
which states " the convienance of the parties is
not in and of itself good cause..."

No court (Appellate, Supreme, or Federal)
will respond to my 3 arguments that; 1.) The
judge admits a delay is the states fault. 2.) There
is no court transcript that shows April 7, 2006
or April 24, 2006 as a reasonable delay because
it is missing and the trial judge new it was
missing. 3.) Nine continuances to maintain joinder
was excessive and in violation of Penal Code 1050

Factor #3.) Assertion of Right - The California court of
appeal and Federal court found that I repeatedly
asserted my right to a speedy trial and this weighed
in my favor.

Factor # 4.) Prejudice - The Sacramento County District
Attorney's office illegally ordered the main witnesses

3.

1  impeachment evidence destroyed. This was illegal.
2  (see exhibit A) This specific evidence was targeted
3  by the government in order to impair my defense
4  and ensure a conviction illegally.
5       Also Loz Tilden Nurse practitioner who
6  performed a rape exam on the victim found
7  evidence that no rape occured but I was
8  denied her testimony because she died befor trial.
9  The police Det. McBeth Childs claims when she
10  got the video surveillance of everyones arival to
11  the Quality Inn Hotel, the video froze due
12  to technical difficulties and she never went and
13  got another one.
14       Let the evidence speak in my defense
15  that I was illegally sent to trial. All the
16  Barker factors apply to me. The courts have
17  the same documents and exhibits but instead
18  of applying the law correctly they are lieing and
19  changing what the record reflects which I
20  will show in another illegal activity performed
21  by the government.

4.

FACT # 2

- Illegal Testimony and Evidence at Trial -

During trial the judge illegally allowed Nurse practitioner Leslie Schmidt to testify to deceased Liz Tildens rape exam. After the federal courts conduct a de novo review they find that this violated my constitutional right to confront my accuser. The judge illegally allowed this testimony over my objection. (See exhibit X) In an attempt to cover this constitutional violation up the court claims this error was "harmless" "without" examining the effects it had on the jury and trial setting. For example, Liz Tilden collected DNA evidence from the alleged victims body. So those calculations were allowed to be given to the jury because of the illegally allowed testimony. Those DNA samples given to the jury are now being called "inaccurate" by the federal court. But if you don't violate my constitutional right the jury would not have been presented any DNA evidence collected by Tilden. So not only did they give the jury inaccurate DNA evidence but their overlooking the fact that DNA calculations should not been presented in the first place. Again the trial judge blatantly ignores the law in order to ensure an illegal conviction

5.

# Fact # 3

Illegal Destruction of Main Witness Impeachment Evidence

Before trial Nurse practitioner Liz Tilden was ordered to destroy the prosecutions main witness impeachment statements. During trial over petitioners objection and after violating his confrontational right to confront Liz Tilden, Leslie Schmidt was allowed to testify to Liz Tildens report and stated the Sacramento County District Attorney Office ordered them to destroy the impeachment evidence and made it a policy as well as their training. This illegal and malicious criminal act has caused the petitioner to be forcefully confined in prison and denied visitation to his children. Violating the petitioners basic civil rights to due process clearly. The Federal District Court is now trying to change Leslie Schmidts testimony. Magistrate Kendall J Newman and Federal Judge John A Mendez have purposely lied on record in an attempt to cover up the illegal and criminal act committed by the Sacramento County District Attorney Office, that caused the civil rights violation.

6.

Fact #4

~DNA~ Illegal presentation of DNA

Before trial Nurse practitioner Liz Tilden collected DNA samples. Before trial Ms. Tilden died. DNA samples collected by Nurse practitioner Liz Tilden should not have been given to the jury because petitioner had a legal constitutional right to due process by confronting his accuser. It is petitioners human right to be given equal protection of the law. The judge illegally allowed this evidence to be given to the jury over petitioners objection.

Furthermore 3 of those samples were inaccurate when given to the jury. The Federal District Court now argues that the prosecutor did not know those samples were inaccurate at the time he gave them to the jury. If petitioner would of been given his constitutional right to confront the jury would not have had inaccurate DNA to rely upon. In fact ALL DNA evidence collected by Tilden would not have been given to them. Because the government could not obtain a conviction without violating petitioners right they willfully chose to disregard the law.

Court Paper
Printed on
Recycled Paper

## Fact # 5

IAC: Appellate Counsel Laura P. Gordon

Laura P. Gordon failed to raise the confrontational clause claim. After the Federal District Court Magistrate and Judge conduct an independent review of the confrontational clause claim, they find that error occured violating the Crawford v. Washington (2004)/541 US 36 rule. By the federal district courts own admission this proves that the petitioner has shown the 2 prong test (1)Counsels performance was objectively unreasonable, 2) Prejudice) weighs heavily in his favor to succeed on this IAC claim.

Despite the courts own admission they refuse to grant petitioners writ with prejudice and willfully chose to ignore the facts and exhibits presented to them keeping the petitioner in prison and from seeing his children On top of being sentenced to life imprisonment they have also restricted the petitioners visitation from his children.



## Fact #6

DA misconduct / IAC ~ Trial Counsel

The Federal District Court rules that the prosecutor at trial committed misconduct when he argued the reasonable doubt jury instruction wrong. Trial Counsel failed to object to the improper argument further lowering the prosecutions burden to prove the charges beyond a reasonable doubt. The government told Zilden to assume the petitioner committed the crime in violation of his basic Human Rights Article 11 (1) (presumed innocent until proven guilty.) Then told that person to destroy the governments main witnesses impeachment statements violating the petitioners due process Human Rights Article 7 and 10. Then during trial the judge illegally allowed Schmidt to testify and bring illegally DNA evidence that was inaccurate to the jury. Counsel and the prosecutors improper argument also assisted in making the structure of the trial setting extremely unfair.

9.

# Fact # 7

a Confrontational Clause~ Alleged Victim

The alleged victim is a self admitted professional prostitute who changed her story from one questionaire to the next. Trial was a creadibility contest but the judge prevented the petitioner from showing the jury that the alleged victim threatend an officer, who she new was a officer, that she would fill a condom with sperm and say its his to get him in trouble if he arrested her for soliciting prostitution to him. The judge restricted the evidence so that that the jury could only know there was a false claim made. But speisifcly the false claim was of rape and the jury was left to wonder what the false claim was of when it could of been proven without the judges restriction. Also the alleged victims probation was terminated and she was blowed Christmas gifts in exchange for her testimony. (See Exhibit F) This was done by detective McBeth Childs illegally. She admits it and the victims sister is a witness that this happened and "impressed" them. Det. McBeth-Childs intimidated witness Stephanie Coleman (See exhibit L)

10.

Kevin D Lewis Jr
Petitioner

Case #: _____

v.

Sacramento County
District Attorney Office
Respondant

Evidentiary Hearing
Requested

1 of 1

Evidentiary Hearing Request

An evidentiary hearing was required if, after considering the verified petition, the return, any denial, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioners entitlement to relief depends on the resolution of an issue of fact, the court has an obligation (See; California Rules of Court, Rule 4.551 (f).

If there are disputed material facts, the court has an obligation to resolve the dispute. An evidentiary hearing is required where the resolution of credibility determinations rest on the court to observe witnesses under direct cross examinations of issues of fact. In re Johnson (999) 1 Cal 4th 1010 [cal apr 28 170]; CRC; Rule 4 551 (f).

Petitioner humbly and respectfully request a evidentiary hearing in a courtroom setting publicly

1 of 1

Kevin Lewis G-06405
PO Box 4490 / B5-245
Lancaster, CA 93539

Kevin D Lewis Jr

Case:

v.

Sacramento County
District Attorney Office

Constitutional Violations
And Arguments in Support

Pages 1-36

## Speedy Trial

In addressing this constitutional violation the petitioner is requesting damages to be awarded. The state heard and dismissed petitioners 995 motion during Pre-trial with prejudice. 995 motion to dismiss for speedy trial violation contains all the relevant evidence in order to be granted. Because the State and District court refuse to correctly address the issue petitioner is enduring torture in forms of loss of freedom and liberty, heart ache due to the deaths of family members causing unrepairable emotional damage, and mental anguish due to the violent prison environment. Petitioner is a parent and his children are being emotionally damaged due to the illegal conviction.

## Summary of Facts

A)

In determining a State or federal speedy trial violation there is a 4 prong test i.e; 1.) Length of delay, 2) reason for delay, 3.) Assertion of Right, 4.) Prejudice by delay. Petitioner will address every prong accordingly in his legal argument. No

1.

court will address prongs "2)Reason for delay"
and "4) Prejudice by delay".

Legal Argument

I.

Test 1) Length of delay - In addressing
this issue all courts have found
that this test has been proven to way
in petitioners favor because he was held
545 days over the 60 day statutory limit.
All courts held that this delay was
presumptively prejudicial and considered
consideration into the other factors was
warranted.

II.

Test 2) Reason for delay - When addressing
this issue the courts only "claim" every
delay was reasonable. Petitioner has
submitted multiple arguments and exhibits
in the showing of unreasonable delays.
There are (9/nine) continuances over
petitioners objections.(See Exhibit 9) Petitioner
contends that not all 9 continuances were
reasonable. In demonstrating this as fact
the petitioner points the courts division in
reviewing the minute orders. The appellate
record does not contain a transcript for
April 7, 2006 or April 24, 2006. Not having

2.

a reason for these delays shows that
not every delay was reasonable. No court
will answer this argument.

Furthermore in the (Aug CT 200-201) Exhibit 2
the judge admits the delay is the States
fault when he said "It's just that it
doesn't seem like we have enough high
quality attorneys on the panel with all these
serious cases that are coming up for trial."

Here the trial judge confirmed there
was just such a lack of sufficient
appointed counsel in accordance with the
United States Supreme Court ruling. The
Court has stated a violation of a defendants
right to a speedy trial may occur where the
"State fails" to provide enough public defenders or
appointed counsel Barker v. Wingo, supra, 407, 115.
at 538 (White, J., conc.)

In the present case the petitioner
made multiple objections to the
continuances and the California Legislature
enacted Penal Code Section 1382 to
implement the constitutional right to a speedy
trial. Penal code 1050." The convenience of
the parties is not in and of itself good cause...
No additional delay is permitted once
proper objection is made. No court will
answer this argument. Every delay was not reasonable.

3.



III

Test 3.) Assertion of Right - All courts in addressing this issue will only agree that this weighs in petitioners favor because he repeatedly asserted his right to a speedy trial.

IV

Test 4.) Prejudice by delay - Petitioner was prejudiced by this delay because the Sacramento District Attorney Office ordered all of its main witnesses impeachment statements to be collected and destroyed immediately in "Bad Faith". Because the Sacramento County District Attorney Office instituted this illegal policy in violation of 'Brady' the petitioner was extremely impaired to properly mount a defence. Nurse Tilden was ordered by the Sacramento County District Attorney Office to destroy its main witness impeachment statements (after she recorded them on paper). Because Tilden died before trial petitioner was deprived of the evidence that was ordered to be destroyed (See Exhibit A) This issue will also be discussed in the Brady and Confrontational Clause violations.

With malicious intent the Sacramento District Attorneys Office ordered their main

4.

witnesses impeachment statements to be
destroyed so that it would be a severe
hinderance on petitioners ability to gather
evidence, contact witnesses, and otherwise
assist in his own defense

Petitioner was subject to emotional
stress, mental anguish/torture, anxiety, and
concern over the prolonged incarcerations.
Petitioner demonstrated this every time he
objected to further continuances.

(This issue is further discussed in Claim 1)
Judges John A. Mendez and Kendall
J. Newman have lied on record and tried
to fabricate the witnesses subject to which
she was giving testimony in order to attempt
in the assistance of covering up the illegal
activity of the Sacramento County District
Attorney Office.

5

CLAIM #1 ( Petitioners State and Federal
constitutional right to speedy trial were violated)

<u>Argument</u>

Petitioner was held 21 months
without being allowed to go to trial
within the time limitations of the
California speedy trial law, in violation of
his constitutional right to speedy trial. The
court (State appellate and trial judge) erred
in not granting the 995 motion to dismiss
based on the speedy trial violation during
pre-trial proceedings. The court acknowledged
that they clearly violated the petitioner's
speedy trial right and chose to ignore
the point that the petitioner according to
California State Law need not to prove
prejudice for it is assumed.

Petitioner also satisfied the Federal
constitutional test and proved he was
prejudiced by the speedy trial violation.
Petitioner refused to waive time and
objected himself in court to further
unreasonable delays. The court agrees that
those factors weigh heavily in petitioner's
favor.

<u>Proof of Prejudice</u>

A) Petitioner was extremely prejudiced by

6.

1  the delay, when Nurse practitioner Liz
2  Tilden died befor trial. Nurse Tilden
3  performed a rape exam on the alleged
4  victim. In her report the evidence of a
5  crime being committed was inconclusive.
6  To arrive at that conclusion means
7  Nurse practitioner Liz Tilden had
8  favorable testimony for the defense of
9  how she obtained evidence that led
10  her to believe the evidence was
11  inconsistent with the alleged crime
12  of rape. She was told to assume the crime happened.
13  B.) The district attorney's office instituted
14  an illegal policy to destroy imeadiately
15  all inconsistant statements made
16  during the exam that Nurse practitioner
17  Liz Tilden performed on the alleged
18  victim. Nurse Tilden is the only person
19  who can testify to how many statements
20  were destroyed and to the contents of
21  those reports that could of been used
22  at trial to impeach the highly
23  uncooperative alleged victim (later discussed
24  on the Confrontation Clause issue. (See Exhibit 'A')
25  C.) The petitioner was prejudiced by the
26  faded memory of the alleged victim. She
27  changed her answer from one questioner to
28  the next and in seeking relief from a

7.

1  wrongful conviction. The truth was
2  extremely important in order to show
3  what the facts were. The alleged victim
4  claimed she did not know why she
5  would claim the petitioner did something
6  to her when she did not remember it
7  happening. (see Exhibit "AB2" trial testimony)
8  Only when the petitioner could pin point
9  how its obvious we know shes giving false
10 testimony, only then the alleged victim
11 would admit to not remembering the truth.
12 Even when the defense could prove the
13 alleged victim new the truth she would
14 challenge the defense to prove she remembers.
15 (see Exhibit "8" page 266 lines 19-21 trial testimony)
16 The alleged victim admitting that she lied at
17 prelim and trial shows how the loss of
18 memory did not assist the petitioner.
19 D.) Due to the violation of speedy trial
20 the petitioner was prejudiced by standard in
21 bias testimony. Due to nurse practitioner
22 Lisa Zillers death the prosecution called
23 Leslie Schmidt, nurse practitioner to testify
24 using an exam form she did not fill out.
25 She gave a biased opinion saying she believed
26 the crime was committed. She was not the
27 person who performed the rape exam. The
28 nurse who did said the evidence was

8.

inconclusive and could not be decided one way or the other. So to testify for the prosecution and try to persuade the jury to decide facts favorable to the prosecution by giving a biased opinion is highly prejudicial. To say after reviewing her (Tilden's serial examination form) she believes a crime was committed is hurtful to the defense because it is not the same opinion as the Nurse who actually did the exam. (Later discussed in Confrontation Clause issue.) The standin testimony was highly prejudicial and if not for the speedy trial violation Nurse Tilden would of been able to testify.

F.) Detective Mcbeth-Childs lost video surveillance of an alleged kidnap in progress. That video could of corroborated testimony given by Stephanie Coleman that the alleged victim enters the elevator and went to the hotel rooms by herself. Mcbeth-Childs claims she tried to watch the video but due to technical difficulties it froze. She never obtained another one. If not for the speedy trial violation the video would of been obtainable. No appellate court has addressed this issue even when asked to do so repeatedly. The video proves the alleged victim was not kidnapped and was there voluntarily.

9

Reasons To Grant Relief

1.) The petitioner established clearly that any fair-minded jurists could find that the states courts rejection of petitioners claim is contrary to the law.

2.) Petitioner repeatedly objected to further continueances demonstrating he was subjected to "oppressive" pre-trial incarceration and he was anxious to go to trial thus satisfying the states (California) presumption of prejudice clause.

3.) The state courts admits to violating the petitioners due process right to speedy trial

4.) Prejudice was proven to satisfy not only the states clause but also the Federal prong of prejudice. The evidence was not overwhelming it was an credibility contest and the district attorney imposed an illegal policy to obtain the conviction.

Relief Sought

1.) ~~The entitled relief claims~~ Release from prison

2.) ~~New trial~~ / Damages awarded

3.) ~~Immediate release~~

4.) Immediate Stop to the illegal district attorney policy

5.) Any relief the court can award that petitioner did not mention.

10

## Confrontational Clause

The allegations Leslie Schinski

In addressing this issue the petitioner is requesting damages to be awarded because this constitutional violation was used to obtain an illegal conviction. Over petitioners objections at trial this error was allowed to influence the jury's verdict, rendering the structure of trial unfair. Because the State courts deny the error even occured petitioner is being denied his freedom and liberty. The district court in addressing this issue can only assume the error occured and argue it was harmless. Errors that effect the structure of trial are not subject to harmless error analyse. For the purpose of this suit the petitioner will show the given error occured and the prejudicial effect it had on the trial setting.

## Summary of Facts

A.)

The Confrontation Clause bars the state from introducing into evidence out-of-court statements which are "testimonial" in nature unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether such statements

11.

are deemed reliable. Crawford v. Washington, 541 U.S. 36 (2004). Because Nurse Tilden performed a physical examination of the alleged victim and collected evidence from the alleged victim the petitioner has a right to confront Nurse practitioner Tilden. Nurse Tilden died before trial and over petitioners objection Nurse practitioner Leslie Schmidt was allowed to testify to Tildens report and give her biased opinion. The Federal District court conducts a De novo review of this issue and at the outset finds that the at-issue statements, i.e., statements from Nurse Tildens report, were testimonial in nature.

## Legal Argument

I

In addressing this issue the petitioner will demonstrate how the error influenced the jury's verdict and the integrity of the trials structure.

After Nurse Tilden interviewed the alleged victim and collected the evidence she found that the evidence was inconclusive. She was told to assume the crime happened. Tilden found evidence that was inconsistent with the alleged crime. Because Tilden was able to conduct the examination and collect the evidence she was able to arrive at the

opinion of the evidence being inconclusive.
Schmidt was presented to the jury as a
professional witness who's testimony should be
heavily relied upon. And in Schmidt's opinion
she believed the crime happened and the jury
adopted that opinion even when it was
contrary to the actual person who did the
exam. Schmidt could not testify to how many
of the alleged victims impeachment statements
were destroyed by order from the Sacramento
County District Attorneys Office.

II

    Schmidt testified that DNA samples were
collected from the victims body. Schmidt testified
to where those DNA samples were found on
the alleged victims body. These same DNA
samples collected by Nurse Tilden were
inaccurate when represented to the jury. Because
the jury was told more than one sample
belonged to petitioner and his co-defendants and
Schmidt testified to those samples, the jury
was influenced to believe the prosecutions
theory of events. If not for this
Confrontational Clause error DNA would not
have been misrepresented to the jury.(DNA changed
on appeal) DNA collected by Nurse Tilden
was inadmissable but the prosecution gave
the jury calculations to the DNA samples

Court Paper
Printed on
Recycled Paper

collected by Tilden and after the petitioner
was convicted those calculations changed
showing: 1) Reduced culpability, 2) One sample
did not belong to anyone even though the jury
was told it absolutely belonged to that
individual. (Later discussed in DNA error)

Without this error the prosecution could
not lower its already low burden of proving
the crime beyond a reasonable doubt due to
the inaccurate DNA evidence. Because Schmidt
testified to those DNA samples the jury
was inclined to believe they belonged to the
petitioner and his co-defendants, thus lowering
the prosecutions burden to prove beyond a
reasonable doubt.

(This issue is further discussed in claim #2)
DNA samples collected by nurse Tilden would
not have been presented to the jury if the petitioners
Confrontational Clause right was not violated, over
petitioners objection. Judges John A. Mendez and
Kendall J. Newman in the Federal District court
refuse to address that argument in an attempt
to cover it up like they changed the subject
of Leslie Schmidt's testimony.

14.

CLAIM #2 ( Petitioner was denied due process
under Constitutional Clause of the Sixth
Amendment to the United States Constitution)

Argument
    Nurse practitioner Liz Tilden worked for
the district attorneys office on the (S.A.R.T.)
Sexual Assault Response Team. She performed a
sexual assault exam on the alleged victim. The
exam included collecting physical evidence and
statements made by the alleged victim. The
conclusion of her exam was that the evidence
was inconclusive. Befor trial Liz Tilden died?!
Liz Tilden had evidence on how she arived
at the conclusion that there was evidence
showing that it does not support the claim
of rape. During trial over petitioners objection
Nurse practitioner Leslie Schmidt was allowed
to give stand-in testimony on the sexual
examination form, deceased nurse practitioner
Liz Tilden filled out. Schmidts gave opinions
that were biased and prejudicial to petitioner
in violation of his constitutional right to due
process.
            Points and Authorities
A) Per district attorney office policy the nurse
practitioners were ordered to disclose all
inconsistent statements collected from the alleged

15.

1  victim. Immediately destroyed. (See Exhibit "I")
2  Any questions the defense had about how
3  many inconsistent statements were destroyed or
4  what the contents of those statements were
5  could not be answered by Schmidt. She did
6  not perform the examination and could not
7  answer the questions about this illegal policy
8  instituted by the district attorney office. Petitioner
9  was prejudiced by not being able to confront
10 the only person who had the answer.
11 B.) Schmidt's biased opinion was highly
12 prejudicial because she did not perform
13 the sexual exam so she could not provide
14 favorable testimony about why the evidence
15 was not consistent with the alleged crime
16 of rape. She influenced the jury to
17 believe the sexual assault occured when
18 she did not have all the facts. She stated
19 that it was her opinion a crime was
20 committed. The jury heavily relied on the
21 opinion and rendered a guilty verdict
22 even though her opinion was polar
23 opposite of the nurse who actually
24 performed the exam.
25 C.) By instituting the illegal policy to
26 destroy impeachment evidence from the
27 prosecutions main witness and having
28 Schmidt give biased testimony the

16

district attorney's office purposely sought
to obtain an illegal conviction by tendering
the trial setting unfair and lessening
the prosecutions burden to prove guilt
beyond a reasonable doubt. Schmidt's
stand in testimony can not compensate
for the loss of evidence provided by
Tilden who died before trial. The error
had a substantial and injurious effect which
influenced in determining the jury's verdict.

Reason to Grant Relief

1) Petitioner was prejudiced by testimony
that was in violation of his Confrontation
Clause constitutional right.

2) If not for the error the prosecution
would not be able to prove the charges
beyond a reasonable doubt.

3) The error made the trial unfair to the
petitioner in violation of his due process
and right to confront and thoroughly
cross examine the author of the item.

4) DNA evidence collected by Tilden would
not have been given to the jury if petitioner
right to confront was not violated.

5) Inaccurate DNA was given to the jury
due to the constitutional violation.

17.

## Brady

In addressing this issue the state court ignores the issue of the Sacramento County District Attorney's Office ordering their main witnesses impeachment statements destroyed violating the petitioners right to constitutional due process. The district court in addressing this issue changes Leslie Schmidt's testimony and claims she testified to the "purpose" of the Sacramento District Attorneys Office ordering the evidence destroyed. Schmidt never testified to their "purpose". In fact petitioner has shown clearly that their purpose was malicious intent to obtain a wrongful conviction no matter what. Schmidt testified that the government told them to destroy the evidence and to not worry about the Brady issue because its a "Law Enforcement" issue.

## Summary Of Facts

A.)

The Sacramento County District Attorney Office targeted specific evidence to be destroyed because they were aware it weakened their case. That specific evidence was their main witnesses impeachment statements.

Schmidt clearly testifies at Exhibit A p. 1410. 13-19 "Why would we care whether we have

18.

the previous answer or not? There's no reason
from our training from what we're told, it's
more of a law enforcement issue rather than an
examiner issue."

Again Schmidt testifies at p.1410 20-23
"Our goal is to document the most accurate
answer the patient gives us, NOT the issue of
whether or not the patient changes his or her
answer. That's our training."

Schmidt makes it very clear that
as an examiner they are "trained" and "told" to
not worry about why the evidence is being
destroyed because it is a law enforcement
issue and not an examiners. The Sacramento
County District Attorneys Office is aware
of the obtaining its mass witnesses
impeachment statements being illegal so it
trained and told the Nurse practitioners to
not worry about it. Without this effort the
prosecution could not obtain a conviction
and with that in mind the government
violated petitioners rights and is first time
in life by imprisonment that can not be
given back. Instead of collecting this blatant
miscarriage of justice the district court purposely
lied about Schmidts testimony in an attempt
to cover for the Sacramento County Districts
Attorneys Office illegal activities. (Further discussed in Claim 3)

19.



CLAIM #3 (BRADY violation. Petitioner was denied due
process when the District Attorney Office ordered
inconsistent statements immediately destroyed)

Argument

Petitioner has demonstrated Federal habeas
relief in this claim because the court does not
and can not dispute that impeachment evidence
in the form of inconsistent statements made
by the alleged victim (The prosecutions main
witness) were ordered to be destroyed by an
illegal instituted policy. Violating due process.
Nurse practitioner Liz Tilden worked for the
district attorney office's sexual assault response
team (S.A.R.T.). In this case the district
attorney office instituted a policy to destroy
impeachment evidence to be used at trial.
(See exhibit 'A') In this testimony Leslie Schmidt
explains that the district attorneys office has
asked them to destroy any record of an alleged
victims changed answer. Violating BRADY.
Points and Authorities
A.) A constitutional materiality standard is
satisfied when the production of these
inconsistent statements could of been used for
impeachment purposes and would have created
a reasonable probability of a different result.
The alleged victim consistently lied and

20.

1  The only time she would record testimony was
2  when the defense could give she was being
3  thorough inconsistent statements. She admits
4  to being and making the judgment for the
5  court as to whats relevant and whats not
6  relevant. (see Exhibit "B" p.487-1668) Reads as:

7
8  Q. Do you believe its ok to make a judgment for
9  the court as to whats relevant and whats not relevant?
10  A. No
11  Q. And, in fact, you made that judgment several
12  times in answering questions
13  A. I HAVE
14  Q. Both at preliminary hearing and here?
15  A. I HAVE
16  Q. And you've intentionally misstated or have
17  intentionally lied as to certain questions that your
18  been asked?
19  A. I intentionally didn't give up the information
20  yes, but I didn't intentionally lie

21
22      The statements ordered to be destroyed
23  were the crucial impeachment statements and
24  gave the prosecution an unfair advantage.
25  U.S. v. Jackson (7th Cir. 1986) 780 F.2d 1305, 1311 n.4
26  (government's bad faith attempt to suppress
27  evidence indicates that such evidence may be
28  material)

21.

B.) "Whether the nondisclosure was a result of negligence or design it is the responsibility of the prosecutor" Gantt v. Roe (2004, CA9Cal.) 389 F3d 908. The prosecutor now a member of the prosecutor team possessed material, favorable evidence and recognized the exculpatory nature of the evidence and willfully disregarded a policy to destroy it immediately.

C.) Evidence that impeaches the credibility of a prosecution witness meets the BRADY favorableness requirement. "Evidence is favorable to an accused when that evidence undermines the credibility of a prosecution witness." United States v. Bagley (1985) 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed 2d 481"; People v. Morris (1988) 46 Cal 3d 1, 30 249 Cal Rptr 119, 756 P.2d 843

"Such evidence is favorable to the defendant because it 'hurts the prosecution'... by impeaching one of its witnesses." In re Sassounian (1995) Cal. 4th 535, 544 37Cal Rptr. 2d 446, 887 P.2d 527; accord, People v. Fauber (1992) 2d Cal 4th 826, 844, 85 Cal Rptr 2d 867, 978, P.2d 15

"This evidence is called 'impeachment evidence' because it is evidence having the potential to alter the jury's assessment of the credibility of a significant prosecution witness." United States v. Rivas (2004 CA2 N.Y.) 377 F.3d 195, 199

D.) The prosecution and district attorney office designed this illegal policy with one goal in mind and that was to obtain a conviction regardless of innocence or guilt.

### Reasons To Grant Relief

1.) The remedian of dismissal for a Brady violation is available to a court where the government's conduct in suppressing evidence is outrageous and the defendant is thereby prejudiced.

2.) Bad faith was shewn and is neccessary to violate a defendant's right to due process of law. When the destroyed evidence is at most only potentially exculpatory its destruction violates nevertheless.

3.) A violation of the Brady rule does not require that the prosecutor have acted in bad faith." "If evidence highly probative to innocence is in his file he should be presumed to recognize its significance even if he has actually overlooked it" United States v. Agurs (1976) 427 U.S. 97, 110, 96 S.Ct. 2392, 49 L.Ed. 2d 342. Here in this case the prosecutor destroyed evidence in bad faith to obtain an illegal conviction.

4) The "No Fault" rule for a Brady violation in a criminal action, criminal or habeas context does not apply in a civil action under 42 U.S. Code section 1983. Where the cause of action is predicated upon a claimed Brady violation In such civil action the prosecutors good or bad faith "is important." We hold that the no-fault standard of our Brady imposes on prosecutors in the criminal or habeas context. has no place in a Sec 1983 Damages action against a Law Enforcement Official in which a plaintiff alleges a violation of due process." Porter v. White (2007, CA 11 Fla.) 483 F.3d 1294, 1302.

Petitioner has plead that here in this damages action the District Attorneys Office instituted an illegal policy to destroy the impeachment evidence from the prosecutions main witness and they ordered that evidence to be destroyed in order to obtain a conviction no matter what. (Due process violation)

5) One of the most important fundamental principles of our free society is our Tripartite form of government that makes the system work. Under this concept, the golden rule is that only our State legislature or congress can be empowered to make laws. Our constitution mandates that the making of

Court Paper

Printed on



Recycled Paper

1  laws is strictly legislative and only the
2  legislative can be empowered to define
3  a crime and fix punishment for an
4  offense which, according to our
5  constitution, would be imposed by a
6  court of law. The foundation for this
7  requirement is based on the premise that
8  "we are a government of laws and not MEN".
9  As a society this fundamental principle
10 enacted into our constitution was deemed
11 necessary to protect individuals
12 against arbitrary discrimination by
13 those we elect into positions of power.
14 (see e.g. USA  Su Ct Id. Ref (1999)
15      Here in this case the District Attorney's
16 office set out to make there own laws and
17 ordered impeachment evidence destroyed
18 immediately. Magistrate Kendall J. Newman
19 and Federal judge John A Menders are on
20 record changing the subject of Leslie Schmidt's
21 testimony to cover up the Sacramento District
22 Attorney Offices illegal ordering of the district
23 attorneys main witness impeachment statements
24 destroyed. (see Exhibit X  p14:2-7 / p17:6-8 )
25
26
27
28

Court Paper
Printed on
Recycled Paper

# DNA

In addressing this constitutional violation no court has directly answered petitioners DNA arguments. Although the district court does admit two DNA samples were not accurate when represented to the jury.

## Summary Of Facts

A.)

During trial the prosecution used inadmissible DNA in order to obtain the conviction 3 of the DNA samples were wrong when given to the jury and the jury relied on that inaccurate DNA evidence in order to convict the petitioner. The jury was told petitioners co-defendant Snowden put his mouth on the alleged victims right breast and his saliva is the DNA sample collected by Nurse Tilden. The jury relied on that evidence to convict petitioner by believing that inaccurate, misleading, and completely fabricated evidence. Petitioners co-defendant is not the contributer to that sample labled 001-05-A (Potential saliva swab/right breast) non sperm fraction. If not for the Confrontational Clause error that DNA would not have been misrepresented to the jury. Petitioner was also prejudiced by another

26.

1  DNA sample collected by Tilden. That DNA
2  sample is 001-05-A (potential saliva swab/right breast) Sperm
3  fraction. The prosecutor told the jury that the
4  petitioner "probly" touched his penis and then
5  touched the alleged victims breast, and that is
6  how it got there. New DNA evidence proves
7  this theory wrong (See Exhibit AB7) The new
8  calculation show that it is more likely to be
9  a Caucasian or Hispanic as the contributer of
10 the DNA sample. Furthermore if not for the
11 Confrontational Clause Error this DNA sample
12 would not be able to be misrepresented to the
13 jury. Both DNA breast samples were collected
14 by Nurse Tilden who died befor trial making
15 the DNA evidence she collected inadmissable
16 under petitioners Confrontational Clause rights.
17 B.)
18    The 3rd DNA sample is a non-Sperm
19 fraction (outside condom) 008-Awelle-C3. The New
20 DNA shows petitioner is only a possible
21 contributer. When the jury was given the
22 calculations to the Non-sperm and Sperm
23 fractions they were wrong. Again the Sperm
24 fraction shows it is more likely to belong to an
25 Caucasian or Hispanic befor the petitioner who is
26 African American. Further more if you are to
27 believe the sample belongs to the petitioner then
28 it proves the alleged victim lied about

27.

1  who she had sex with. The alleged victim
2  was absolutely sure she had sex with the
3  driver of the car first who she could only
4  identify at trial. Before trial she identified a
5  filler in a line up and claimed he raped her
6  and was the driver of the car. Then she claimed
7  to have sex with the petitioner. It would be
8  impossible for petitioners DNA to be on the outside
9  of the condom if she did not have sex with
10 him first. Regardless the DNA was misrepresented
11 to the jury and it shows petitioner is not
12 the contributer

13 C.)

14      No court has addressed these arguments
15 and their effect on the jurys verdict. They
16 dance around the at issue by claiming the
17 prosecution did not know the DNA was not
18 accurate and that trial/appellate counsel did
19 not know petitioners argument is that
20 regardless of who new, we know now that
21 the DNA was misrepresented to the jury
22 and they heavily relied on it in order to
23 obtain an illegal conviction. This is a
24 blatant miscarriage of justice that the
25 government is refusing to correct. Federal judge
26 John A. Mendez ignores the argument that the
27 DNA evidence was not suppose to be presented to
28 the jury due to the Confrontational Clause issue.

Court Paper
Printed on
Recycled Paper


IAC

~ Appellate Counsel ~

Appellate counsel Laura P. Gordon was ineffective for not raising the confrontation clause issue. After conducting an independent review of the confrontation clause claim the federal district court finds the at-issue statements from Nurse Tilden's report, were testimonial in nature violating the Crawford v. Washington (2004) 541 U.S. 36 rule. The federal district court has no argument against the error occurring but only argues the error was harmless. (Exhibit X, p.18:20-21)

By the district court's own admission that they must assume the error occured this proves that the petitioner has shown:

1.) That counsel's performance was objectively unreasonable, which in appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and raise a meritworthy issue. Smith, 528 U.S. at 285; Moorman v. Ryan, 628 F.3d 1102, 1106 (9th Cir. 2010)

2.) Prejudice, which in this context means that petitioner demonstrated a reasonable probability that, but for appellate counsel's failure to raise the issue, petitioner would have prevailed in his appeal. Smith, 528 U.S. at 285-86; Moorman, 628 F.3d at 1106

Court Paper
Printed on
Recycled Paper


Thus satisfying the test, proving violation occured. In addressing this issue the Federal District Court directs the courts attention to DNA evidence collected by Nurse Tilden. (Exhibit X p 29.13)

DNA evidence collected by Nurse practitioner Liz Tilden should not have been given to the jury because Tilden died before trial. Only by violating petitioners right to confront Tilden and over petitioners objection the jury was given DNA calculations that the Federal District Court now acknowledges, that portions of the DNA evidence collected by Tilden were not entirely accurate" when given to the jury. The Federal district courts claims that the DNA evidence collected by Tilden makes the evidence against petitioner "strong" not overwhelming. If counsel would have raised the claim of right to confront and the prejudicial effects (DNA) of the error the petitioner would have likely recieved a different verdict. Due to counsels negligence petitioner was deprived of meaningful appellate counsel.

30.

DA Misconduct / IAC
Trial Counsel:

When addressing this issue the federal district court conducts a de novo review of this claim(s). At the outset the undersigned finds that the divisive argument by the prosecutor was improper. This improper argument to the reasonable doubt jury instruction further lowered the prosecution's burden to prove the charges beyond a reasonable doubt. Counsel further assisted the prosecution by not objecting to the improper argument. Due to 1.) Speedy trial violation, 2.) Illegal destruction of impeachment evidence, 3.) Inaccurate DNA evidence given to the jury, 4.) DNA evidence given to the jury. Thereby through a constitutional violation, 5.) Confrontation violation, 6.) The illegal activity of the investigating officers, and 7.) Tildens death before trial. The improper argument and counsels failure to object further assisted the trial setting in being extremely unfair and prejudicial to the petitioner. [See Exhibit X p.26: 3-5]

31.

## Confrontation Clause

### The alleged victim

The court abused its discretion and denied petitioner to show the jury that the alleged victim threatened to make a false claim of rape specifically and not just a false claim against an officer she knew to be an undercover at the time she was prostituting. In another attempt to assist the prosecution the judge tried to interject the situation as parsing evidence which was only relevant to making a specific false claim of rape. By willfully and maliciously manipulating the system the judge chose not to be impartial by preventing the jury from knowing what "specific" false claim was made. This issue is explained more in claim #4 p. 33-

32.

1  CLAIM #4 (The Court erred in restricting

2  cross-examination of the victim in violation

3  of Due Process of law)

4

5  <u>Argument</u>

6  The trial court limitation on the alleged

7  victims cross-examination violated his

8  Confrontational Clause right afforded by due

9  process to cross examine the prosecutions main

10  witness and inquiring her about having

11  a routine practice or habit of making a false

12  claim of rape.

13  Petitioner asked to cross-examine the victim

14  regarding statements she made to an

15  undercover officer she new while soliciting

16  prostitution. She threatened that officer and

17  told him "If you bust me, I'll fill a condom

18  with sperm and act you in trouble." Basicly making

19  a false claim of rape specificly. The judge

20  stated "And I have no problem with the argument

21  that you made, Mr. Nelson, that she has threatened

22  a false report. And I think that is relevant.

23  Absolutely I think it's relevant because your

24  argument and your defense in this case is that

25  she's lying about being raped." (See Exhibit C)

26  Still the judge ruled the defense can only

27  ask if she threatened to make a false

28  complaint. Restricting the defense from a

33.

1   Stopping them from showing the jury the
2   false complaint was of rape and consensual sex.
3   The alleged victim threatened to kill the
4   officer and fill a condom with his semen
5   to report a false claim of rape if he
6   arrested her. This limited cross-examination
7   restricted the petitioner from showing the
8   alleged victim made a false claim of rape
9   or regarding sexual relations and therefore
10  demonstrating her willingness to be about
11  sexual conduct and the consensual part of it.
12      The court prohibited the testimony because
13  it would of shown that the false complaint
14  was about sexual conduct and not parting
15  evidence. The prohibited cross-examination would
16  have produced a significantly different impression
17  of the witnesses credibility and the trial
18  court exercise of its discretion violates the
19  Sixth Amendment.
20          Points and Authorities
21  A.) The evidence was improperly restricted
22  and contrary to federal rules of court.
23  According to federal rules of evidence rule 405.(b)
24  "Specific instances of conduct. In cases in
25  which character or trait of character of a person
26  is an essential element of a charge, claim or
27  defense, proof may also be made of specific
28  instances of that persons conduct" Here in

Court Paper
Printed on

1  this case the evidence of the alleged victim
2  threatening to make a false claim of rape was
3  admissable. From the testimony the court
4  allowed, the jury learned the alleged victim;
5  1) threatened to kill an undercover officer, although
6  she claimed it was in jest.
7  2) That she would make a false claim
8  against a police officer.
9       Delving into the issue of what that
10  false claim was went to her propensity to
11  make a false claim of rape where the defense
12  was consent. The judge abused its discretion
13  preventing the jury from knowing what the
14  false claim was of. The jury was left to
15  interpret "false claim" as a number of
16  possibilities.
17  B.) Federal rules of evidence Rule 406 states
18  "evidence of the habit of a person or of the
19  routine practice, whether corroborated or not and
20  regardless of the presence of eyewitnesses, is
21  relevant to prove that the conduct of the
22  person on a particular occasion was in
23  conformity with the habit or routine practice."
24  Here in this case the alleged victim was a
25  self admitted professional prostitute and it
26  was a routine practice/habit to be about
27  consensual acts of sex. The court abusing its
28  discretion deprived petitioner of his fundamental

35.

1  right to show the alleged victims propensity
2  to make a false claim of rape where the
3  defense is consent. It was a specific
4  false claim made in a very particular way
5  to make a false claim of rape.
6  C.) There was no already elicited testimony of
7  the alleged victim making a false claim of
8  sexual assault. So it was extremely important
9  to just for the admissable evidence be
10 permitted to be shown to the jury. The
11 jury was kept from knowing the false
12 claim was of consensual sex which is
13 what the defense was at trial. The
14 evidence was admissable and had a
15 prejudicial effect on the jury.
16 _____Reasons for Relief_____
17 1.) Petitioner demonstrates his entitlement to
18 confront the witness and define what she is
19 making a false claim of.
20
21
22
23
24
25
26
27
28

36.