UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>JAN SCULLY, et al.,<br><br>  Defendants. | No. 2:15-cv-1080 TLN KJN P<br><br><br>ORDER |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In addition to plaintiff's complaint, he has filed several motions, which the court addresses below.

II. Request to Proceed In Forma Pauperis

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III. Motion for Recusal

On June 15, 2015, plaintiff filed a motion for recusal, in which he appears to claim that the undersigned should recuse himself from this action based on his review of plaintiff's petition for writ of habeas corpus in Lewis v. Gibson, Case No. 2:11-cv-2072 JAM KJN P. (ECF No. 14 at 41-73).

Pursuant to 28 U.S.C. § 455, a magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party. In plaintiff's filing, he appears to speculate that the undersigned has "joined the cover-up" allegedly involved in the underlying criminal charges against plaintiff and the resulting conviction, ostensibly by reading plaintiff's evidence yet recommending that the habeas petition be denied. Judicial bias, i.e., bias based solely on information obtained during the course of proceedings, is not improper; only extrajudicial bias, i.e., bias stemming from an extrajudicial source, is improper. Habrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir. 1987). The record does not reflect any extrajudicial bias. In any event, the court does not find disqualification is appropriate in this matter. Plaintiff's motion is denied.

IV. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
8  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
9  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
10 1227.
11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
12 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
14 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
16 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17 sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
18 facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
19 the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
20 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
21 In reviewing a complaint under this standard, the court must accept as true the allegations of the
22 complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
23 favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
24 grounds, Davis v. Scherer, 468 U.S. 183 (1984).
25   Initially, plaintiff filed a 63 page complaint, with an additional 73 pages of exhibits, which
26 was transferred to this court from the Northern District of California.  On June 8, 2015, plaintiff
27 filed a 154 page document entitled "Complete Copy of Transferred Complaint," including a 64
28 page complaint, 74 pages of exhibits, and a document entitled "motion for release," (ECF No. 12

at 139-54), in which plaintiff appears to challenge the denial of his petition of writ of habeas corpus in <u>Lewis v. Gibson</u>, Case No. 2:11-cv-2072 JAM KJN.  Plaintiff names as defendants Jan Scully, Sacramento County District Attorney, John Asker, Sacramento County District Attorney, John Mendez, U.S. District Court Judge, Detective McBeth-Childs, and the undersigned.  Plaintiff seeks release from prison and money damages.

Plaintiff alleges various "human rights violations," based on his imprisonment in state prison and denial of visitation from his children, and other alleged constitutional violations that took place during the underlying criminal proceedings and investigation.  However, plaintiff's incarceration in state prison is the result of being convicted in the American criminal justice system.  Being housed in state prison is not a human rights violation but a known consequence of being convicted of a crime.  The court is aware that incarceration is isolating and harsh, but plaintiff's generalized allegations of "human rights violations" fail to state cognizable civil rights claims.

The gravamen of plaintiff's pleading is that he allegedly suffered numerous constitutional violations during the investigation of the underlying criminal offenses, as well as during the trial.  But claims concerning the fact or duration of his confinement must be raised in a challenge to the criminal conviction, through a petition for writ of habeas corpus, not through a civil rights complaint.  In addition to money damages, plaintiff seeks release from state prison.  However, plaintiff may only seek release from prison through a petition for writ of habeas corpus.

Moreover, this civil rights action is not the appropriate venue for challenging the earlier denial of his petition for writ of habeas corpus in Case No. 2:11-cv-2072 JAM KJN.  Plaintiff's petition was denied on September 24, 2014, and the district court declined to issue a certificate of appealability.  <u>Id.</u>, ECF No. 37.  Plaintiff filed an appeal in the Court of Appeals for the Ninth Circuit, and on June 26, 2015, the Ninth Circuit denied plaintiff's request for a certificate of appealability.  <u>Id.</u>, ECF No. 44.  The claims raised in his first petition for writ of habeas corpus have now been decided.  Therefore, if plaintiff wishes to pursue additional habeas claims, he must first exhaust his state court remedies, and then move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the second petition for writ of

habeas corpus. 28 U.S.C. § 2244(b)(3). Nevertheless, plaintiff may not revisit or bring new habeas claims through a civil rights complaint under 42 U.S.C. § 1983.

Finally, plaintiff named several individuals as defendants who are entitled to immunity from damages. For example, District Attorneys Scully and Asker are entitled to absolute immunity for engaging "in activities 'intimately associated with the judicial phase of the criminal process.'" Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984 (1976)). See also Ewing v. City of Stockton, 588 F.3d 1218, 1233 (9th Cir. 2009); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority."). Similarly, judges have absolute immunity when the challenged action is within the jurisdiction of the court. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds). Here, plaintiff challenges actions taken by defendants Judge Mendez and the undersigned in their judicial capacities.

Accordingly, for all of the above reasons, it is unclear whether plaintiff can allege facts demonstrating a violation of his civil rights under 42 U.S.C. § 1983. But in an abundance of caution, plaintiff is granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions of his confinement in state prison resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff shall refrain from renewing alleged constitutional violations that took place during the investigation of the underlying criminal charges or the trial. Plaintiff need not file any exhibits. Plaintiff's amended complaint shall be limited to twenty pages, and shall be filed on the court form provided. In the alternative, plaintiff may choose to voluntarily dismiss this action.

V. Remaining Motions

On August 17, 2015, plaintiff filed a document entitled "Motion to Accept Supplemental Complaint." (ECF No. 18.) In this motion, plaintiff sought to include another challenge to his 2007 conviction, alleging he was denied the right to confront witnesses. However, as explained above, plaintiff may not pursue habeas claims in a civil rights action. In addition, plaintiff must include all of his claims in one pleading unless the court grants leave to file a supplemental pleading. Therefore, plaintiff's motion is denied.

In light of the dismissal of plaintiff's complaint, plaintiff's remaining motions and requests are premature and are denied. (ECF Nos. 16, 19, & 20.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for recusal (ECF No. 14) is denied.

4. Plaintiff's complaint is dismissed.

////

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint," and may not exceed twenty pages in length. Exhibits are not required.

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

6. Plaintiff's remaining motions and requests (ECF Nos. 16, 18, 19, & 20) are denied without prejudice.

7. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint.

Dated: November 24, 2015

/lewi1080.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LEWIS, JR.,

     Plaintiff,

  v.

JAN SCULLY, et al.,

     Defendants.

No. 2:15-cv-1080 TLN KJN P

<u>NOTICE OF AMENDMENT</u>

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint (not to exceed 20 pages)

        OR, in the alternative,

    _____    Plaintiff opts to voluntarily dismiss this action.

DATED:

                                                         _____

                                                         Plaintiff