UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., | No. 2:15-cv-1080 TLN KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JAN SCULLY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint is now before the court. (ECF No. 24.)

I.    Motion for Recusal

In his amended complaint, plaintiff appears to renew his request that the undersigned recuse himself from this action based on his review of plaintiff's petition for writ of habeas corpus in Lewis v. Gibson, Case No. 2:11-cv-2072 JAM KJN P.[1]  (See ECF No. 24 at 9-14). Plaintiff repeats his allegations that the undersigned has "joined the cover-up" allegedly involved in the underlying criminal charges against plaintiff and the resulting conviction, apparently by reading plaintiff's evidence yet recommending that the habeas petition be denied. Plaintiff goes

---

[1] Plaintiff's initial motion for recusal, ECF No. 14, was denied by the undersigned on November 24, 2015. (See ECF No. 21 at 2.)

1

on to allege that the undersigned's dismissal of plaintiff's complaint in the instant action, with leave to amend, is evidence of bias. (See ECF No. 24 at 9-14.)

Pursuant to 28 U.S.C. § 455, a magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party. As plaintiff has previously been advised, judicial bias, i.e., bias based solely on information obtained during the course of proceedings, is not improper; only extrajudicial bias, i.e., bias stemming from an extrajudicial source, is improper. Habrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir. 1987). The record does not reflect any extrajudicial bias. In any event, the court does not find disqualification is appropriate in this matter. Accordingly, to the extent plaintiff intends to renew his motion for recusal, plaintiff's motion is denied.

II.     Amended Complaint

In his original complaint and various supplemental filings, plaintiff alleged that his criminal conviction and incarceration in state prison resulted from numerous constitutional violations he suffered during the investigation of his underlying criminal offenses, as well as during trial. Upon screening, plaintiff was advised by the undersigned that challenges to the fact or duration of his confinement must be raised through a petition for writ of habeas corpus. Plaintiff was therefore directed to refrain, in his amended complaint, from renewing his allegations regarding constitutional violations that took place during the investigation of his criminal charges and/or his criminal trial. (See ECF No. 21 at 4, 6.) Plaintiff was further advised that several of the individuals named as defendants in this action, including two district attorneys and judges, were entitled to immunity from damages. (See id. at 5.)

In the amended complaint, plaintiff names as defendants Sacramento District Attorney Jan Scully, Sacramento District Attorney John Asker, United States District Court Judge John Mendez, Sacramento Superior Court Judge Maryanne Gilliard, Detective McBeth-Childs, Detective Anthony Tony Turnbull, the California Medical Training Center, and the undersigned. (See ECF No. 24 at 2.) Plaintiff renews his allegations that defendants violated plaintiff's constitutional rights during the investigation and trial of his criminal charges, resulting in

plaintiff's "illegal" conviction and "unconstitutional" confinement. Plaintiff seeks release from prison and money damages.[2]

As plaintiff has previously been advised, claims concerning the fact or duration of his confinement must be raised in a challenge to the criminal conviction, through a petition for writ of habeas corpus, not through a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Thus, the instant civil rights action is not the proper vehicle for plaintiff to bring his claims concerning his "illegal" criminal conviction. Such claims should be brought in a petition for writ of habeas corpus, after plaintiff exhausts state court remedies.

Furthermore, to the extent plaintiff seeks damages, many of the individuals named as defendants in the amended complaint are entitled to immunity from damages. As plaintiff has previously been advised, District Attorneys Scully and Asker are entitled to absolute immunity for engaging "in activities 'intimately associated with the judicial phase of the criminal process.'" Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). See also Ewing v. City of Stockton, 588 F.3d 1218, 1233 (9th Cir. 2009); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority."). Similarly, judges have absolute immunity when the challenged action is within the jurisdiction of the court. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds). Here, plaintiff challenges actions taken by defendants Judge Mendez, Judge Gilliard, and the undersigned in their judicial capacities.

For the above reasons, plaintiff has failed to allege facts demonstrating a violation of his civil rights under 42 U.S.C. § 1983. Thus, the amended complaint should be dismissed.

III.   Amendment

The Federal Rules provide that leave to amend pleadings "should freely [be given] when justice so requires." Fed.R.Civ.P. 15(a). "[T]his policy is to be applied with extreme liberality."

---

[2] Although the amended complaint includes allegations of bias and "perjury" by the undersigned, plaintiff clarifies that, in the instant action, he does not seek to challenge the earlier denial of his petition for writ of habeas corpus in Case No. 2:11-cv-2072 JAM KJN. (See ECF No. 24 at 14.)

1  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (citing DCD
2  Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987)).  However, the futility of
3  amendment can by itself justify denial of leave to amend.  Bonin v. Calderon, 59 F.3d 815, 845
4  (9th Cir. 1995).

5       In the instant case, plaintiff has previously been granted leave to amend his complaint.
6  (See ECF No. 21 at 6-7.)  Plaintiff was advised regarding the deficiencies in his original
7  complaint, and was specifically instructed to refrain from renewing his allegations concerning
8  constitutional violations that allegedly occurred during his criminal trial and the investigation
9  leading up to trial.  (See id. at 3-6.)  However, in the instant amended complaint, plaintiff
10 continues to allege that his constitutional rights were violated during his criminal trial and the
11 related investigation.  As the amended complaint again challenges only the fact of plaintiff's
12 confinement, and not the conditions of plaintiff's confinement, it appears that plaintiff is unable
13 to allege facts demonstrating a violation of his civil rights under 42 U.S.C. § 1983.  Because the
14 gravamen of plaintiff's complaint is that his imprisonment is unconstitutional, further amendment
15 to allow plaintiff to attempt to state claims under § 1983 would likely be futile.  See Steckman v.
16 Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that
17 parties are allowed to amend their pleadings, it does not extend to cases in which any amendment
18 would be an exercise in futility, or where the amended complaint would also be subject to
19 dismissal . . .") (internal citations omitted).  Accordingly, the undersigned recommends that leave
20 to amend be denied.

21      IV.    Conclusion

22      In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion for
23 recusal (ECF No. 24 at 9-14) is denied.

24      IT IS FURTHER RECOMMENDED that plaintiff's amended complaint (ECF No. 24) be
25 dismissed without leave to amend, and this action be closed.

26      These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28 after being served with these findings and recommendations, plaintiff may file written objections

with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 13, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lewi1080.fr.dismiss